UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHAN LUBBERS and                            CIV. NO. 13-926 (DWF/JSM)
MARGARET LUBBERS,

     Plaintiffs,

v.                                             REPORT AND RECOMMENDATION

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.

     Defendants.

This matter came before the undersigned on defendant's Motion to Dismiss [Docket No. 3]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c). Pursuant to this Court's Order dated September 6, 2013 [Docket No. 12] this Report and Recommendation is being issued based on the parties' written submissions.

Plaintiffs seek to invalidate the foreclosure of the mortgage on their home. Plaintiffs assert three claims against defendant: (1) quiet-title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title. For the reasons below, the Court recommends that defendant's Motion to Dismiss be granted and plaintiffs' claims be dismissed with prejudice.[1]

---

[1] In the caption of the Complaint, plaintiffs also purport to sue "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." As "[t]here are no factual allegations sufficient to identify these unnamed defendants or state a claim against them;" the Court therefore recommends that all claims against them be dismissed. See Sonsalla v. Mortg. Elec. Registration Sys., Inc., Civ. No. 13-659, 2013 WL 4052825, *1 (D. Minn. Aug. 9, 2013) (citing Estate

## I.    BACKGROUND

### A.    Plaintiff's Complaint

On May 19, 2013, plaintiffs, sued defendant Deutsche Bank National Trust Company, as Indenture Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-W3 ("Deutsche Bank")[2] in state court.  Notice of Removal, Ex. Attach. 1 (Complaint) [Docket No. 1-1].  Deutsche Bank removed the suit to Federal District Court on April 22, 2013, pursuant to 28 U.S.C. §1332(a).  Notice of Removal [Docket No. 1].

The facts as alleged in plaintiffs' Complaint are as follows.  Plaintiffs entered into a residential mortgage and note with Argent Mortgage Company, LLC ("Argent Mortgage") on July 8, 2003, for property located in Anoka County, Minnesota ("Property").  Complaint, ¶ 4.  The Complaint contains no express allegation that plaintiffs have defaulted on the promissory note, but the allegations in the Complaint and documents attached to the Complaint regarding foreclosure proceedings indicate that plaintiffs defaulted on the note by 2009.  See Complaint, ¶¶ 13-15, 20, Exs. 5-7, 9. The mortgage was recorded with the Anoka County Recorder on July 30, 2003.  Id., Ex. 1 (Mortgage).  On March 26, 2009, the law firm of Wilford and Gesje, P.A. ("Wilford") drafted an Assignment of Mortgage from Argent Mortgage to Deutsche Bank, as trustee for asset-backed pass-through certificates, series 2003-W3.  Id., ¶ 6.  The Assignment of Mortgage dated March 26, 2009, was executed by Patricia Olvera, as Vice-President

of Rosenberg ex rel. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made)).

[2]    As noted by Deutsche Bank, plaintiffs erroneously identified it as "Deutsche Bank National Trust Company, as trustee for asset-backed pass through certificates, Series 2003-W3."  Notice of Removal, p. 2 n. 1.

of Argent Mortgage, and was recorded in the Anoka County Office of the Recorder on April 7, 2009. Id., ¶ 6, Ex. 2 (Assignment of Mortgage).

Plaintiffs alleged that Deutsche Bank securitized their loan into a mortgage-backed certificate entitled "Argent Securities Inc., asset-backed pass-through certificates, series 2003-W3", the trust was registered with the SEC on September 5, 2003, and the securitization process was governed by a Pooling and Service Agreement ("PSA") dated September 1, 2003, between and among Argent Securities, as depositor, Ameriquest Mortgage Company as master servicer, and Deutsche Bank, as trustee. Id., ¶ 7, Ex. 3 (portions of PSA). As a condition to issuing mortgaged-backed securities, the PSA required that the parties to the securitization documents create and deliver documents creating a complete chain of title from the loan originator, Argent Mortgage, to the legal owner of plaintiffs' loan, Deutsche Bank, and required Argent Mortgage to deliver to Deutsche Bank the original note endorsed in blank, a certified copy of the mortgage, and an original assignment of the mortgage by the closing date of the trust on September 5, 2003. Id., ¶¶ 8, 9, Ex. 3. The securitization documents required that assignments of the mortgage be prepared and delivered to and from: (1) Argent Mortgage, as the originator of the loan, to Ameriquest Mortgage Company ("Ameriquest"), as the seller; (2) from Ameriquest to Argent Securities, as depositor; and (3) from Argent Securities to Deutsche Bank, as trustee. Id., ¶ 10. Neither the Assignments of Mortgage, nor the PSA or any power of attorney from Argent Mortgage or Ameriquest to Deutsche Bank appear of record on the Property in violation of Minn. Stat. § 580.05. Id., ¶¶ 10, 11.

On April 3, 2009, Wilford drafted a Notice of Pendency, empowering it to foreclose on the Property and to bid on for the Property at the foreclosure sale. Id., ¶ 13. Denise Bailey executed the Notice of Pendency dated April 3, 2009, as the Assistant Secretary of Deutsche Bank. Id. This Notice of Pendency was recorded with the Anoka County Office of the Recorder on April 7, 2009. Id., Ex. 5 (Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage).

On August 19, 2010, Wilford drafted another Notice of Pendency, empowering it to foreclose on the Property and to bid in on the Property at the foreclosure sale. Id., ¶ 14. James Geske executed the Notice of Pendency dated August 19, 2010, as an attorney for Wilford. Id. This Notice of Pendency was recorded with the Anoka County Office of the Recorder on August 20, 2010. Id., ¶ 14, Ex. 6 (Notice of Pendency to Foreclose Mortgage).

On April 6, 2012, Ocwen Loan Servicing, LLC ("Ocwen") drafted a Notice of Pendency and Power of Attorney, empowering Wilford to foreclose on the Property and to bid in on the Property at the foreclosure sale, which was executed by Richard Work, as Contract Management Coordinator of Ocwen, and recorded with the Anoka County Office of the Recorder on April 27, 2012. Id., ¶ 15, Ex. 7 (Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage recorded on April 27, 2012).[3] "Upon information and belief, Richard Work did not have the legal authority to execute

---

[3]    Plaintiff alleged that the Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage was dated April 6, 2012, was recorded on August 20, 2010, and cited to Exhibit 7 of the Complaint. See Complaint, ¶ 15. However, Exhibit 7, which is the Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage dated April 6, 2012, was recorded on April 27, 2012 with the Anoka County Office of the Recorder. Id., Ex. 7.

the 08/19/10 NOP at the time he executed it as Ocwen Loan Servicing did not have any recorded interest in the Property nor had they been empowered as the attorney-in-fact for Deutsche." Id., ¶ 16.

On April 20, 2012, Ocwen drafted an Assignment of Mortgage from Deutsche Bank National Trust Company, as trustee for asset-backed pass-through certificates, series 2003-W3 to Deutsche Bank National Trust Company, as indenture trustee for Argent Securities Inc., asset-backed pass-through certificates, series 2003-W3.[4] Id., ¶ 17, Ex. 8 (Assignment of Mortgage). Leticia Arias, Ocwen Contract Manager, executed the Assignment of Mortgage dated April 20, 2012. Id., ¶ 17. This Assignment of Mortgage was recorded with the Anoka County Office of the Recorder on April 27, 2012. Id., ¶ 17, Ex. 8. Plaintiffs claimed there was no of-record evidence that Arias had the power to execute Assignment of Mortgage dated April 20, 2012, or that Ocwen was granted the legal authority to draft and execute documents on behalf of Deutsche Bank. Id., ¶¶ 17, 18.

Deutsche Bank, through Wilford, noticed a sheriff's sale for the Property, and conducted the sale on August 13, 2012. Id., ¶ 20, Ex. 9 (Sheriff's Certificate of Foreclosure Sale). The Sheriff's Certificate indicated that Wilford had the legal authority to make a credit bid at the sale. Id.[5] Wilford, on behalf of Deutsche Bank, appeared at

_____

[4]    In the Complaint, plaintiffs alleged the opposite of what the Assignment of Mortgage actually stated – i.e. plaintiffs asserted that the Assignment of Mortgage was "from Deutsche Bank National Trust Company, as indenture trustee for Argent Securities Inc, asset-backed pass through certificates, series 2003-W3 to Deutsche Bank National Trust Company, as trustee for asset-backed pass-through certificates, series 2003-W3. . . ."

[5]    The Sheriff's Certificate of Sale shows that it was Randall S. Miller & Associates that participated in the sheriff's sale on behalf of Deutsche Bank. See Complaint, Ex. 9.

the sheriff's sale and exercised the power of sale clause in the mortgage by bidding $166,549.98 in on the debt due to Deutsche Bank. Id. The Sheriff's Certificate of Sale and foreclosure record is recorded in the Anoka County Office of the Recorder. Id.. "Upon information and belief, prior to the Sheriff's Sale, Deutsche Bank National Trust Company had transferred the power of sale through an unrecorded assignment of mortgage." Id., ¶ 21. Plaintiffs were required to vacate the Property prior to February 13, 2013, after the redemption period had expired. Id., Ex. 9 (Foreclosure Record).

Plaintiffs asserted that Deutsche Bank at all times knew or had reason to know that the March 26, 2009 Assignment of Mortgage, the April 3, 2009 Notice of Pendency, the August 19, 2010 Notice of Pendency, the April 6, 2012 Notice of Pendency and Power of Attorney, and the April 20, 2012 Assignment of Mortgage, were void. Id., ¶ 22. Plaintiffs also maintain that they are the owner of the fee title, the Sheriff's Certificate of Sale is void, and that the foreclosure was void. Id., ¶¶ 23, 24.

Plaintiffs alleged the following causes of action:

In Count I, plaintiffs assert a quiet title action pursuant to Minn. Stat. § 559.01, and seek a determination regarding Deutsche Bank's adverse interest in the Property. Id., ¶¶ 26-31. According to plaintiffs, in a quiet title action, the burden of proof is on the mortgagee asserting an adverse interest in the property to show that both record title and legal title concur and co-exist at the same time and in the same entity to foreclose by advertisement. Id., ¶ 29.

In Count II, plaintiffs seek a declaratory judgment under Minn. Stat. § 555.02 that the various assignments of mortgage, notices of pendency, and powers of attorney are all void, and that plaintiffs remain the owner of the Property in fee title. Id., ¶¶ 33, 34.

6

In Count III, alleging slander of title, plaintiffs asserted that Wilford, acting at direction of Deutsche Bank, drafted and recorded documents that were false and not executed by legally authorized persons, and that Deutsche Bank knew that the documents were false because unauthorized persons executed the power of attorneys and the assignments of mortgage. Id., ¶¶ 35-40.

As relief, plaintiffs sought: (1) a determination of adverse interest in the Property; (2) a declaration that the Sheriff's Certificate of Sale, the various assignments of mortgage, notices of pendency, and powers of attorney are all void; (3) a declaration that plaintiffs remain the owner of the Property in fee title; and (4) money damages. Id., Prayer for Relief.

**B.    Defendants' Motion to Dismiss**

In lieu of answering, Deutsche Bank moved to dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). [Docket No. 3]. First, Deutsche Bank contended that plaintiffs are barred from bringing the instant suit because the six-month redemption period expired on February 9, 2013, and the Complaint was not filed until March 22, 2013. See Defendant's Memorandum of Law in Support of Motion to Dismiss [Docket No. 6], p. 6. According to Deutsche Bank, an attack on foreclosure sale is impermissible when it occurs after the expiration of the redemption period, as plaintiffs lack the necessary standing. Id.

Second, Deutsche Bank argued that while plaintiffs' main theory was that the foreclosure sale was invalid because unrecorded assignments of the mortgage exist and mortgage-related instruments were signed without legal authority, plaintiffs' allegations are based solely on "information and belief" and are otherwise conclusory.

Id.  As such, the Complaint fails to state a claim of relief.  Id.  For example, Deutsche Bank asserted that plaintiffs alleged on "information and belief" that their loan was subject to the September 1, 2003 PSA and by that agreement, there had to have been an unrecorded assignment of plaintiffs' mortgage from Argent Mortgage.  Id., pp. 6-7 (citing Complaint, ¶¶ 8-21).  However, plaintiffs pled no facts that this assignment took place, and actually admit that there is a recorded assignment between Argent Mortgage and Deutsche Bank, the foreclosing entity, which is all that is needed under Minnesota law.  Id., p. 7 (citing Complaint, ¶¶ 6, 17).  According to Deutsche Bank, there is no substance to the speculation that there is a missing assignment to any entity, including Deutsche Bank.  Id.

Similarly, although plaintiffs alleged "on information and belief" that the signatories to the various mortgage instruments lacked legal authority to sign these documents, (citing Complaint, ¶ 16), plaintiffs offered no facts to support these baseless allegations, and thus, their Complaint fails to state a claim.[6]  Id., pp. 7-8 (citations omitted).

Third, Deutsche Bank contended that plaintiffs lacked standing to challenge the assignments of the mortgage, or the notices of pendency and powers of attorney to foreclose, as plaintiffs are not parties or beneficiaries to the mortgage-related documents or the PSA.  Id., pp. 8-9 (citations omitted).  Moreover, plaintiffs' allegation that a securitization trust requires assignments of mortgage is unfounded as plaintiffs

---

[6]     Per Deutsche Bank, had plaintiffs taken the time to investigate the matter, they would have realized that the April 3, 2009 and August 19, 2010 Notices of Pendency, were inoperative and irrelevant to the foreclosure, as no foreclosure took place based on those recordings, and that Wilford did not perform the foreclosure that took place in August 2012.  Id., p. 8 n. 4.

have offered no facts, only speculation, regarding whether Deutsche Bank actually assigned the mortgage. Id., p. 9 (citation omitted).

Fourth, Deutsche Bank maintained that plaintiffs incorrectly concluded the underlying documents evidencing authority to act were not recorded or that Minn. Stat. § 580.02 requires that documents evidencing authority to act (such as underlying powers of attorney or other verification authority) must be recorded in order affect a non-judicial foreclosure. Id., p. 10 (citation omitted). As to the authority of individuals signing the relevant documents, Deutsche Bank argued that an acknowledgment made by a representative is sufficient, and that plaintiffs' conclusory assertions to the contrary fail to state a claim for relief. Id. (citing Minn. Stat. § 358.50).

Finally, regarding plaintiffs' slander of title claim, Deutsche Bank again submitted that plaintiffs do not have standing to assert such a claim based on unspecified assignments and notices of pendency that were executed by unauthorized persons. Id., p. 10. In addition, after setting out the elements required to make out a slander of title claim under Minnesota law – a false statement maliciously published to others, which caused plaintiff pecuniary loss in the form of special damages – Deutsche Bank argued that not only is such a claim based on erroneous theories that fail to assert a claim for relief, but that there is no allegation that a false statement was made by any party. Id., p. 11. To the contrary, the foreclosure and related documents were recorded to effectuate a foreclosure because plaintiffs were not current on their mortgage. Id. At best, plaintiffs have alleged there were defects in the foreclosure process, which even if true, do not amount to slander of title. Id. Besides, even if any of the documents were technically false (which Deutsche Bank denied), there were no statements in any

publically recorded documents that created a cloud on title.  Id. (citation omitted).

Further, there can be no cloud title on a property on which the mortgagees have

undisputedly defaulted.  Id. (citation omitted).  Also fatal to slander of title claim is the

fact that plaintiffs have not pled any facts that any false statements were published

maliciously.  Id., pp. 11-12 (citations omitted).

In their opposition, plaintiffs argued that their Complaint stated a quiet title claim

under Minn. Stat. § 559.01.  Plaintiffs submitted that all they had to allege was that they

possessed the Property and that Deutsche Bank was claiming some adverse estate or

interest in it.  Memorandum In Opposition to Motion to Dismiss [Docket No. 10], p. 7

(citing Konantz v. Stein, 167 N.W.2d 1 (Minn. 1969); Barber v. Evans, 27 Minn. 92, 96,

6 N.W. 445, 448 (1880)).  Further, both Minnesota and Eighth Circuit jurisprudence

require a foreclosing entity to record all assignments of the mortgage before the

foreclosure sale.  Id., pp. 7-8 (citing Minn. Stat. § 580.02; Murphy v. Aurora Loan

Services, LLC, 699 F.3d 1027, 1033 (8th Cir. 2012); Ruiz v. 1st Fidelity, 829 N.W.2d 53

(Minn. 2013); Hathorn v. Butler, 73 Minn. 15, 75 N.W.2d 743 (1898)).  Based on this

authority, plaintiffs maintained their Complaint stated a quiet title claim:

> The mortgage is held by a trust. Defendant argues that the
> Lubbers are speculating when they argue that there are
> unrecorded assignments of mortgage. But Deutsche has
> certified to the certificate holders of the trust that the
> mortgage assignments occurred; it has filed documents with
> the SEC representing that it completed the purchase of the
> mortgages, including the Lubbers' mortgage. If it completed
> the purchase in 2003; this would mean that the mortgage
> was assigned to the trust in 2003; the mortgage assignments
> that occurred as a result of this purchase have not been
> recorded. Deutsche does not deny that the mortgage is
> owned by the trust, it does not deny that it certified that the
> assignments had been delivered to it and it does not deny
> that it recorded a document with the SEC in 2003 alleging

> that the purchase of the mortgage had occurred This is
> beyond speculation and is more than sufficient to show that
> Deutsche failed to record all of the assignments of mortgage
> prior to commencing the foreclosure.

Id., p. 10.

As for their slander of title claim, plaintiffs asserted that their Complaint states a viable claim. Plaintiffs stated that by alleging that (a) Deutsche Bank had filed documents containing false information (i.e., recorded documents executed by persons without legal authority), (b) Deutsche Bank proceeded to foreclose, knowing that it had not complied with Minnesota law, and (c) they had incurred damages in the form of attorney's fees, they had met the required elements for the cause of action. Id., p. 11 (citations omitted). Plaintiffs also argued that they have standing to assert a direct attack on the foreclosure sale after the period of redemption has expired. Id., pp. 11-12 (citing and quoting Stein v. Chase Bank, 2011 WL 882088 (D. Minn. March 11, 2011)).

In its reply, Deutsche Bank reasserted that plaintiffs lack standing because they brought the present action after the redemption period expired. See Defendant's Reply Memorandum in Support of its Motion to Dismiss [Docket No. 11], p. 2. Not only was plaintiffs' interpretation and application of Stein at odds with nearly every other decision on this issue, but the decision was distinguishable because the foreclosure challenge in that case was based on the failure to provide proper foreclosure-related notice, which may be challenged for up to five years post-foreclosure under Minn. Stat. § 580.02. Id. (citing Stein, 2011 WL 882088, at *1). However, in this case, plaintiffs had alleged "upon information and belief" that unrecorded assignments of the mortgage allegedly existed and mortgage-related instruments were signed without alleged authority. Id. (citing Complaint, ¶¶ 10, 11, 16, 18, 20, 21) Thus, as other courts in this District have

found, plaintiffs should not be allowed to attack the foreclosure based on speculative theories after the redemption period had expired.  Id., p. 3 (citations omitted).

Further, Konantz, cited by plaintiffs to support their claim that they have standing to assert a quiet title claim, was an adverse possession case, and in any event, did not alter the fact that the instant suit was untimely.  Id., p. 6.

Deutsche Bank also contended that pleading only the elements of a quiet title claim – possession of real property by plaintiffs and assertion of an adverse interest in the property – was not sufficient to make out a quiet title claim under federal law.  Id., pp. 3-4 (citations omitted).  The Eighth Circuit has expressly held that quiet title claims in a complaint supported solely by "labels and conclusions, based on speculation that transfers affecting payees and assignments were invalid," should be dismissed.  Id., pp. 4-5 (quoting Karnatcheva v. JPMorgan Chase Bank, NA, 704 F.3d 545, 548 (8th Cir. 2013), cert. denied 134 S.Ct. 72 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)); other citations omitted).  As for plaintiffs' reliance on Murphy, Deutsche Bank argued that plaintiffs had misread the Eighth Circuit's holding in that case, and that at any rate, Karnatcheva, and not Murphy, controlled.  Id., p. 5.

Similarly, Deutsche Bank asserted that plaintiffs' reliance on Ruiz and Hathorn was misplaced, as the facts in those cases were distinguishable, and there were no coherent factual allegations that there was a failure to record an actual assignment of mortgage.  Id., pp. 6-7.

Lastly, with regard to the slander of title claim, Deutsche Bank contended that the claim fails because plaintiffs failed to allege any facts that to support that it knew of any

false statements. <u>Id.</u>, p. 8 (citing <u>Twombly</u>, 550 U.S. at 555-56, n. 3). However, even if an unauthorized document was technically false, it cannot act to cloud title where the mortgagee was in default. <u>Id.</u> (citing <u>Pope v. Fed Home Loan Mortgage Corp</u>., Civ. No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013) ("[t]he only cloud on title of the [mortgagors'] property is a cloud of their own making: they did not make the payments due under their mortgage and as a result, they lost their property through foreclosure.")).

## II.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. <u>Ashley County, Ark. V. Pfizer, Inc.</u>, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. <u>Blankenship v. USA Truck, Inc.</u>, 601 F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in <u>Iqbal</u> and <u>Twombly</u>.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S., at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment. See Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted).); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a

pleading is a part of the pleading for all purposes."); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003).

With these standards in mind, the Court turns to the Deutsche Bank's motion to dismiss.

## III.   DISCUSSION[7]

### A.   <u>Assignments</u>

As a threshold matter, to the extent that plaintiffs' quiet title and slander of title claims are premised on the argument that the foreclosure of the Property is void because the PSA required the parties to the agreement to create and deliver documents creating a complete chain of title and the necessary assignments, or the necessary assignments documents are missing from the record on the Property or have been signed by persons without legal authority, this argument is rejected.   First, as non-parties to the PSA, plaintiffs lack any standing to challenge a failure of any assignment required by this agreement, as they are not parties to the PSA.   See Novak v. JP Morgan Chase Bank, N.A., Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *6 (D. Minn. Aug. 23, 2012), aff'd, 518 F. App'x 498 (8th Cir. 2013) (dismissing plaintiffs'

_____

[7]      This Court notes that plaintiffs did not object to the foreclosure within the redemption period under Minn. Stat. § 580.23(a), and therefore, arguably no longer have standing to challenge the foreclosure.   See Sorem v. Bank of New York Mellon, Civ. No. 13-290 (DWF/JSM), 2013 WL 4611115, *3 (D. Minn. Aug. 29, 2013); Cheng Lee v. Federal Nat. Mortg. Ass'n, Civ. No. 13-180 (DWF/SER), 2013 WL 2631904, *3 (D. Minn., June 12, 2013); Stein v. Chase Home Fin., Civ. No. 09-1995 (MJD/JJG), 2010 WL 4736828, at *6 (D. Minn. Aug. 13, 2010) (holding that a plaintiff could not challenge the validity of a foreclosure because the challenge was raised after the expiration of the redemption period), aff'd, 662 F.3d 976 (8th Cir. 2011)).   However, given that the Minnesota Supreme Court recently held that a foreclosure was void for failure to strictly comply with Minn. Stat. § 580.02(3), despite the fact the suit was filed after the redemption period (albeit standing was not addressed in this decision), Ruiz, 929 N.W.2d at 58, the Court proceeds to analyze the merits of plaintiffs' claims.

complaint with prejudice and noting that they lacked standing to challenge any purported breach of a PSA); Karnatcheva., 704 F.3d at 547 ("The plaintiffs base this request for declaratory relief on allegations that their notes and mortgages were transferred to trusts underlying mortgage-backed securities and that their foreclosures violated the terms of the trust agreements relating to these mortgage-backed securities. But district courts in Minnesota have recently addressed this issue and have uniformly held that mortgagors do not have standing to request declaratory judgments regarding these types of trust agreements because the mortgagors are not parties to or beneficiaries of the agreements. We believe that the reasoning in these cases is sound, and we adopt it.") (internal citations omitted); Sorem, 2013 WL 4611115, at *3 ("Plaintiffs base their claims on the primary argument that the foreclosure is void because unrecorded assignments exist, and in support Plaintiffs argue that BNYM's Pooling and Servicing Agreement requires that an assignment be executed in favor of BNYM. Plaintiffs lack standing to make this challenge.") (citations omitted); Stinson v. U.S. Bank, N.A., Civ. No. 12-68 (SRN/AJB), 2012 WL 2529354, at *3 (D. Minn. June 12, 2012) ("[T]o the extent that the [plaintiffs] allege that the defendants did not comply with the provisions of the PSA, the [plaintiffs] have no standing to assert claims on this basis because they are not parties or third-party beneficiaries to such agreements."); Greene v. Home Loan Servs., Inc., Civ. No. 09-719 (DWF/JJK), 2010 WL 3749243, at *4 (D. Minn. Sept. 21, 2010) ("Plaintiffs do not have standing to bring their challenge regarding the securitization of the mortgage or the Pooling and Service Agreement. Even assuming this matter was adequately pled, which it was not, Plaintiffs are not a party to

the Pooling and Service Agreement and therefore have no standing to challenge any purported breach of the rights and obligations of that agreement.").

Likewise, plaintiffs do not have standing to challenge the validity of the assignments of mortgage dated March 26, 2009 and April 20, 2012, including the challenge of the latter assignment which was based on factually devoid allegations in paragraph 18 of the Complaint that Ocwen and Arias had no legal authority to draft and execute documents.[8] See Novak, 2012 WL 3638513, at *6 ("plaintiffs lack standing to challenge the assignment: they are not parties to the assignment and any dispute would be between the assignor and assignee"), aff'd, 518 F. App'x 498 (8th Cir. 2013); Walker v. Bank of America, N.A., Civil No. 11-783 (ADM/JSM), 2013 WL 5771154, at *5 (D. Minn. Oct. 24, 2013) (string citation omitted) ("As has been repeatedly held in this district, mortgagors lack standing to challenge the validity of a subsequent assignment of mortgage."); Quale v. Aurora Loan Services, LLC, Civ. No. 13-621 (JNE/AJB), 2013 WL 3166584, at *1 (D. Minn. June 20, 2013) (string citation omitted) ("Insofar as the Quales based their claims on the allegations that an individual lacked authority to execute the assignment of mortgage, the Court rejects this argument because the Quales lack standing to make such a challenge, and even if they did have standing, their claims are fatally implausible and speculative."); Forseth v. Bank of America, N.A., Civil No. 13-38 (SRN/TNL), 2013 WL 2297036, at *5 (D. Minn. May 24, 2013) ("The

---

[8]     Under Minn. Stat. § 358.50, an acknowledgment made in a representative capacity "is prima facie evidence" that the instrument or electronic record was executed and delivered with proper authority.  In the April 20, 2012 Assignment of Mortgage, Arias acknowledged the Assignment as the Contract Manager for Owcen, the attorney-in-fact of Deutsche Bank National Trust Company, as Trustee for asset-backed pass-through certificate Series 2003-W3. See Complaint, Ex. 8.

allegations regarding unauthorized signatures on every document related to the foreclosure process for the Forseths' mortgage are similarly implausible and pure speculation. But even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or BAC, in the case of Mr. Bruns, or BAC/Bank of America or Fannie Mae in the case of Mr. McDaniel and Ms. Girvan. There is no allegation in the Amended Complaint that any of these individuals falsely initiated foreclosure proceedings against the Forseths' property, and the documents in the public records belie such a claim in any event. The Forseths defaulted on their mortgage by not making payments as they promised. Even if all three of these individuals lacked signing authority, as the Forseths claim, they have suffered no injury as a result and therefore have no standing to pursue their claims.") (citations omitted); Kaylor v. Bank of America, N.A., Civ. No. 12-1586 (DSD/SER), 2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (homeowners who were not parties to the mortgage assignment lack standing); Sovis v. Bank of New York Mellon, Civ. No. 11-2253 (DWF/LIB), 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012), (finding that general allegations that defendants unlawfully foreclosed on plaintiff's home pursuant to a series of invalid assignments of mortgage, "cannot furnish the causal nexus necessary to establish standing to assert her claims."); Gerlich v. Countrywide Home Loans, Inc., Civ. No. 10-4520 (DWF/LIB), 2011 WL 3920235, at *2-3 (D. Minn. Sept. 7, 2011) (plaintiff not a party to the assignment and, therefore, lacked standing to assert a claim regarding the assignment); Kebasso v. BAC Home Loans Servicing, LP, 813 F. Supp.2d 1104, 1113 (D. Minn. 2011) (finding that mortgagors, lacked standing to challenge the defendants' authority to foreclose, as "'any disputes that arise between the mortgagee holding legal

title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purpose s of foreclosure by advertisement.' The court reaffirmed the principle that 'legal and equitable title can be separated' and if a dispute arises between the holder of legal and equitable title with respect to foreclosure, '[i]t is a matter between them alone, and does not concern the mortgagor,' and such a transaction does "not affect the interests of the mortgagor, and he could not object.'") (quoting <u>Jackson v. Mortg. Elec. Registration Sys., Inc.</u>, 770 N.W.2d 487, 500 (Minn. 2009)).

Third, plaintiffs' assertion that the foreclosure is void because Deutsche Bank failed to strictly comply with the requirements of Minn. Stat. § 580.02[9] that all mortgage

---

[9]     Minn. Stat. § 580.02 provides:

> To entitle any party to make such foreclosure, it is requisite:
>
> (1) that some default in a condition of such mortgage has occurred, by which the power to sell has become operative;
>
> (2) that no action or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage, or any part thereof, or, if the action or proceeding has been instituted, that the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied, in whole or in part;
>
> (3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded; provided, that, if the mortgage is upon registered land, it shall be sufficient if the mortgage and all assignments thereof have been duly registered; and
>
> (4) before the notice of pendency as required under section 580.032 is recorded, the party has complied with section 580.021.

Minn. Stat. § 580.02.

assignments be recorded prior to the commencement of the foreclosure, based on the claim that the securitization trust documents required certain assignments, amounts to mere speculation, as the PSA does not state that the mortgage was actually assigned. See Complaint, Ex. 3.

Fourth, plaintiffs' assertion that "[u]pon information and belief, prior to the Sheriff's Sale, Deutsche Bank National Trust Company had transferred the power of sale through an unrecorded assignment of mortgage," (id., ¶ 21), is exactly the type of implausible allegation that Twombly and Iqbal prohibit and decisions from this District have uniformly rejected.  See Pope, 2013 WL 2251001, at *3 (The Popes allege that "[u]pon information and belief, Freddie Mac acquired its interest in the [ ] mortgage prior to the commencement" of foreclosure proceedings but "[n]o assignment of mortgage from Wells to Freddie Mac appears in the records of the Ramsey County Recorder."  [ ] This is precisely the kind of implausible allegation that Twombly and Iqbal prohibit. The Popes ask the Court to assume that an assignment occurred because they allege it occurred. But there is a more plausible explanation for the absence of any assignment in the Ramsey County records: there was no such assignment. The Court need not accept as true implausible allegations, as offered by the Popes here. To the extent their claims depend on this alleged unrecorded assignment, those claims fail to state claims on which relief can be granted."); see also Sorem v. Bank of New York Mellon, Civ. No. 13-290 (DWF/JSM), 2013 WL 4611115, at *3 (D. Minn. Aug. 29, 2013) (citation omitted) (finding that allegations that there exists unrecorded assignments of mortgage that the defendants failed to record prior to the commencement of the foreclosure does not satisfy Rule 8); Dunbar v. Wells Fargo Bank, N.A., 853 F. Supp.2d 839, 848 (D. Minn.

2012) ("Plaintiffs appear to argue that an unrecorded assignment from Option One to Wells Fargo must exist that renders invalid the 2010 assignment from Option One to Wells Fargo. The PSAs do not, however, say that Option One actually assigned the mortgage years ago, only that it had agreed to do so. Mere speculation about what may have happened does not allow a plausible inference when defendants present a facially valid record of assignment from Option One to Wells Fargo. As a result, dismissal is warranted.").

In sum, to the extent that plaintiffs' quiet title claim and slander of title claim are based on the PSA, the alleged invalidity of the assignments of the mortgage, or the failure to record all assignments prior to the foreclosure sale, Deutsche Bank's motion to dismiss these claims should be granted.

## B.   Quiet Title – Count I

In Minnesota, "[a]ny person in possession of real property personally. . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively."   Minn. Stat. § 559.01. However, the fact of plaintiffs' possession of the Property and conclusory statements that Deutsche Bank's adverse claims are invalid are insufficient to state a claim for relief.   See Karnatcheva, 704 F.3d at 548 (affirming the district court's dismissal of the plaintiff's quiet-title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."); see also Yang Mee Thao-Xiong v.

American Mortg. Corp., Civil No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013) (quoting Novak, 2012 WL 3638513, at *4) (finding that plaintiffs "'must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title.'").

In addition, to the extent that plaintiffs have suggested that the burden of proof is on the mortgagee asserting an adverse interest in the property, (see Complaint, ¶ 29), the Eighth Circuit in Karnatcheva rejected that "burden of proof" argument. 704 F.3d at 548. As the court explained in Gharwal v. Federal Nat'l Mortg. Ass'n, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904 (D. Minn. Sept. 11, 2013):

> Karnatcheva rejected that argument, specifically holding that § 559.01 and the other authority on which [plaintiff] relies 'are not state substantive standards that govern the success of a quiet title claim. Karnatcheva, 704 F.3d at 548. Whether or not the Eighth Circuit's holding was "error" is not for this Court to decide; Karnatcheva is binding precedent, and this Court must apply it. The Court notes, however, that although he was addressing a different issue, plaintiff's counsel himself has conceded in the past "that, under Fed. R. Civ. P. 11, a quiet-title claim must be supported by an objectively reasonable basis for believing that the defendant's asserted interest in the property is invalid." Welk v GMAC Mortg., LLC, 850 F. Supp.2d 976, 988 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013). Here, plaintiffs quiet title claims are based only on conclusory statements and speculation, but no facts. The claim fails under Rule 12(b)(6).

Id. at *3.

Further, Minn. Stat. § 580.02(3) requires that all assignments of a mortgage be recorded prior to commencing foreclosure by advertising process. See Ruiz, 829 N.W.2d at 58 ("section 580.02(3) requires a foreclosing party to record all assignments

22

of the mortgage before the foreclosing party has the right to begin the foreclosure by advertisement process and that the recording requirement must be strictly complied with"). Consequently, all that Deutsche Bank needs to foreclose is an assignment of the mortgage that has been recorded, See Murphy v. Aurora Loan Servs., LLC, Civil No. 11-2750 (ADM/JJK), 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012) ("Plaintiffs also misread Jackson as standing for the proposition that the mortgage holder needs more than just the recorded mortgage document or assignment to have the right to foreclose under Minnesota law. This is simply not true." (citation omitted) (internal quotation marks and citation omitted)), rev'd in part on other grounds by 699 F.3d 1027 (8th Cir. 2012); see also Stein v. Chase Home Finance, LLC, 662 F.3d 976 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage. The assignment of the promissory note to another "operates as an equitable assignment of the underlying [mortgage]," id. at 497, but the right to enforce the mortgage remains with the legal holder of the mortgage. . . It is undisputed Chase was the mortgagee of record and held legal title to Stein's mortgage. Chase Bank assigned the mortgage to Chase on September 28, 2008. The assignment was duly recorded in the Hennepin County Recorder's Office. Thus, Chase was the party entitled to commence a foreclosure by advertisement under Minnesota law.") (quoting Jackson, 770 N.W.2d at 497, 501); Anderson v. CitiMortgage, Inc., Civ. No. 12-230 (ADM/AJB), 2012 WL 3025100, at *4 (D. Minn., July 24, 2012) ("Under Minnesota law, the legal title holder of a mortgage, i.e. the holder of the mortgage deed, may foreclose on a property by advertisement.") (citation omitted).

Applying these principles to plaintiffs' quiet title claim, it is abundantly clear that the claim fails. Plaintiffs' wholly unsupported statements about "adverse interests" in the Property, unrecorded assignments, and "on information and belief" the alleged lack of legal authority of the individuals signing the foreclosure documents, will not save their Complaint. See Complaint, ¶¶ 11, 16-18, 21, 26-31. While it is true that the "Eighth Circuit has yet to address whether a pleading based on 'information and belief' is sufficient to state a claim," LaCroix v. U.S. Bank, NA, Civ. No. 11–3236 (DSD/JJK), 2012 WL 2357602, at *6 (D. Minn. June 20, 2012), on the other hand, the Eighth Circuit has unequivocally held that conclusory allegations lacking in factual support are insufficient to satisfy the Rule 8 pleading standards or the standards described by the Supreme Court in Iqbal and Twombly. See Karnatvcheva, 704 F.3d at 548; Ko v. Mortgage Elec. Registration Sys., Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013); Lara v. Federal Nat'l Mortgage Ass'n, Civ. No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013); Schumacher v. Federal Home Loan Mortg. Corp., Civil No. 13-29 (DSD/FLN), 2013 WL 3033746, at *2 (D. Minn. June 17, 2013).

Moreover, in direct contradiction to plaintiffs' factually devoid assertions, the mortgage assignments referenced in and attached to the Complaint show an unbroken chain of title from Argent Mortgage to the foreclosing party, Deutsche Bank – all of which were filed prior to commencement of the foreclosure process. See Complaint, Exs. 2, 7, 8. Thus, not only is there no factual support for plaintiffs' bald assertions regarding missing assignments, the record shows the exact opposite – the assignment and foreclosure were proper.

For all of these reasons, plaintiffs' quiet title action must be dismissed under Rule 12(b)(6).

## C.    Slander of Title – Count III

To state a claim for slander of title, a plaintiff must allege facts that show: (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000) (citation omitted). To plead malice, plaintiffs "must raise factual allegations sufficient to create a plausible claim that at least one of the [  ] parties acted with a reckless disregard for the truth, 'despite a high degree of awareness of probable falsity.'" Dunbar, 709 F.3d at 1258 (quoting Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711 (Minn. Ct. App. 2007)); see also Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 178 Minn. 27, 226 N.W. 191, 192 (Minn. 1929) (concluding that to be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920).

Here, plaintiffs not only did not allege that Deutsche Bank acted with malice, but more significantly, they alleged no facts from which this Court could even infer that Deutsche Bank made a false statement or acted maliciously. Rather, plaintiffs only asserted that "defendant knew or should have known" that unspecified documents

prepared by Wilford, as agent for Deutsche Bank, were false and that these documents were false because they were executed without legal authority. <u>See</u> Complaint, ¶¶ 36-39. These allegations standing alone fail to state a slander of title claim. <u>See</u> <u>Ko</u>, 2013 WL 4052680, at *4 ("Ko alleges that Shapiro drafted and recorded documents that it knew were false because they were executed without the proper authority. But Ko fails to allege that Shapiro acted with malice. Because Ko fails to allege malice, he has not stated a claim for slander of title, and this claim will be dismissed.") (internal citation omitted); <u>Lara</u>, 2013 WL 3088728, at *3 (dismissing slander of title claim based on allegation that individuals signing documents lacked authority to do so and stating "[plaintiffs pleaded no plausible facts to support their allegations regarding signing authority.").

Additionally, even assuming that documents recorded as to the Property are technically false, this does not amount to a cloud on the title of the Property where plaintiffs have clouded the title based on their default. <u>See</u> <u>Pope</u>, 2013 WL 2251001 at *4 ("An unauthorized assignment may be technically false, but it does not cloud the title to property on which the mortgagee has undisputedly defaulted. The only cloud on the title of the Popes' property is a cloud of their own making: they did not make the payments due under their mortgage and as a result, they lost their property through foreclosure.")

For all of these reasons, Deutsche Bank's motion to dismiss plaintiffs' slander of title claim should be granted.[10]

---

[10] The Court notes that a slander of tile claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). <u>See</u> <u>Murphy v. Aurora Loan Servs., LLC</u>, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims); See also <u>Ko</u>,

## D.    Declaratory Judgment – Count II

A declaratory judgment is a remedy, not a cause of action.  See, e.g., Onvoy, Inc. v. ALLETE, Inc., 736 N.W.2d 611, 617-618 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy); Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 "creates a remedy, not a cause of action").  In light of the Court's conclusion that plaintiffs' substantive claims must be dismissed under Rule 12(b)(6), "[he is] left with a remedy in search of right."  Scanlon v. Northwest Mortg., Inc., Civ. No. 11-3128 (MJD/TNL), 2012 WL 2885131, *7 (D. Minn. July 13, 2012); see also Lara, 2013 WL 3088728 at *3 (finding that where plaintiff had failed to state a substantive claim, the Amended Complaint also failed to state a claim for declaratory judgment) (citing Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, [579] (Minn. 2012) ("A declaratory judgment is a procedural device through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists.")).

Plaintiffs' claim for declaratory judgment must be dismissed because there is no legal basis for affording the remedy.

## IV.    RECOMMENDATION

For the reasons set forth above, it is recommended that:

1.    Defendant's Motion to Dismiss [Docket No. 3] be **GRANTED**.

---

2013 WL 3088728, at *4; Pope v. Fed Home Loan Mortgage Corp., Civ. No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013); Haubrich, 2012 WL 3612023, at *6 (D. Minn. Aug. 21, 2012).  Deutsche Bank did not argue in favor of dismissal based on plaintiffs' failure to meet this standard.  Suffice it to say, however, having failed to plead any facts to support a slander of title claim, the claim also fails to meet the Rule 9(b) standard.  Therefore, the Court recommends dismissal of the suit with prejudice.

2.     This matter be dismissed with prejudice.[11]


Dated: December 3, 2013

                                        *s/ Janie S. Mayeron*
                                        JANIE S. MAYERON
                                        United States Magistrate Judge


<u>**NOTICE**</u>

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 17, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[11]    "Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend." <u>Michaelis v. Neb. State Bar Ass'n.</u>, 717 F.2d 437, 438-39 (8th Cir. 1983). Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate. That is the case here. <u>See</u> <u>McLean v. United States</u>, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice. Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); <u>McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.</u>, 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (a <u>pro</u> <u>se</u> litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); <u>Ikechi v. Verizon Wireless</u>, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797, at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791, *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).